## ARCOLA SUGAR MILLS CO. v. RODRIQUEZ. (No. 3379.)

Court of Civil Appeals of Texas. Texarkana. May 6, 1927.

Rehearing Denied May 19, 1927.

Agriculture ☞9½—Tenant, having crop interest in land placed in noncotton zone, held entitled to statutory compensation collected by landlord (Vernon's Ann. Civ. St. Supp. 1922, art. 4475pp).

Tenant, who would have had an interest in cotton produced on land which was declared in noncotton zone by proclamation of the Governor, *held* entitled to share in compensation collected by landlord, as provided by Vernon's Ann. Civ. St. Supp. 1922, art. 4475pp, allowing compensation to "all persons prevented from producing cotton in the noncotton zones."

Error from District Court, Harris County; W. E. Monteith, Judge.

Action by Jorge Rodriquez against the Arcola Sugar Mills Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. I. McFarlane and Otis K. Hamblen, both of Houston, for plaintiff in error.

Cline & Waugh, of Houston, for defendant in error.

HODGES, J. The Arcola Sugar Mill Company, plaintiff in error, is a private corporation organized under the laws of this state. During the year 1918 it owned a large tract of land situated in Ft. Bend county, on which it had been growing cotton. Because of the presence of the pink boll worm in that vicinity, the Governor, acting under a statute enacted for the suppression of the pink boll worm, issued his proclamation prohibiting the planting of cotton in the territory including the farm of the plaintiff in error during that year. Among the tenants of the plaintiff in error who had prepared land for growing cotton that year, and who was prevented from planting cotton by the proclamation of the Governor, was the defendant in error. He had a contract by which he was to plant and cultivate 35 acres in cotton on shares. The plaintiff in error was to furnish the land, teams and tools; the defendant in error was to perform the labor of cultivating and growing the crop and was to receive one-half of what he raised. When the proclamation was issued placing that farm in the noncotton zone, he had his land prepared for planting; but, in obedience to the law, he refrained from planting any cotton and instead grew other crops. He and thirty or more other tenants held claims for loss resulting from being denied the privilege of growing cotton that year. He filed this suit in the court below against the plaintiff in error, alleging that his claim for compensation, amounting to $525, had been presented and collected by the plaintiff in error. A number of other tenants of plaintiff in error filed similar suits. For convenience those suits were consolidated and tried at the same time, and judgments rendered in each case against the plaintiff in error.

The trial court filed the following findings of fact and conclusions of law:

"I find that the following named plaintiffs in the cases consolidated herewith were tenants on the Arcola Sugar Mill Plantation during the year 1918; that all of the plaintiffs were what is known as 'share croppers' during this time (names here omitted); that all of the plaintiffs were what is known as 'half hands,' with the exception of Alexander Salazar, Manuel Salazar, Joe Rivera, and Lucy Prince, who were working on the third and fourth—that is, the tenants were to receive one-half of the proceeds of the crops sold and three-fourths of the crops sold. This applied to the cotton crop, as that is the only crop with which these cases deal. I find that the government awarded to the Arcola Sugar Mills Plantation $24,000, but that the sum of $2,160 was paid for the collection of that sum, making a total paid of $21,840. I find that, on the tenants' portion of the land prepared for planting in cotton in said year each tenant would be entitled to recover the amount set opposite his name, as of the date of said award, December 13, 1922, to wit: (Then follows a list of thirty or more names, including that of the defendant in error and showing his portion of the award to be $162.88.) I find that the claim for this award was made by J. Q. Boyer, who was employed by the Arcola Sugar Mill Company at the time, under the authority of the owners of said mill, and that he also filed this claim for the tenants hereinbefore set out and under their authority.

### "Conclusions of Law.

"I conclude as matter of law that the Arcola Sugar Mill Company has collected the $21,840 above referred to and is now holding the tenants' portion of same as trustee for the various plaintiffs hereinabove set out, and that said plaintiffs are entitled to recover from the Arcola Sugar Mill Company the amounts set opposite their names."

No attack is made in this appeal upon the sufficiency of the evidence to support the above findings of fact.

The statute (article 4475pp, Vernon's Ann. Civ. St. Supp. 1922) provides:

"In the event of the establishment of any noncotton zone as authorized by this act, all persons prevented from producing cotton in the noncotton zones shall be entitled to receive compensation from the state in the measure of the actual and necessary losses sustained thereby. The compensation claim board, herein provided for, shall have full power and authority to determine the amount of compensation to such persons. In determining the actual and necessary losses, the compensation claim board shall take into consideration the value of the average yield of cotton and other crops second in economic importance thereto in that vicinity;

the total amount of land planted to crops during the year for which compensation is claimed; the percentage of such land customarily planted in cotton in that vicinity, and such other factors as they deem essential."

Clearly, a tenant who had an interest in the cotton to be produced upon the land included within the noncotton zone would come within the terms of this statute and be entitled to compensation upon a proper showing.

The judgment is affirmed.